Mr. Chief Justice ShaReev
delivered the opinion of the court.
It is averred in the bill, that the complainant made a contract with one David Harris, for the purchase of 200 acres of land for 6000 dollars. That when the parties were about completing the agreement, complainant was taken to Richard H. Austin, and informed that the title was to come through him. He received the title from Austin, and the deed is expressed to be made in consideration of 4000 dollars. He insists that this is a violation of the original contract, and diminishes his recourse on the deed in case of failure of title. The bill also charges that 40 acres of the land are not included in the deed. There is no prayer for rescisión of the contract, but he seeks to have the deed reformed, and a specific performance as to the 40 acres.
The answer claims, that the respondent and complainant con- *889 traded, but alleges that the respondent had sold to Harris, and only agreed to execute a conveyance to complainant in fulfilment of that contract, and that the consideration he received from Harris was 2500 dollars. He admits that the 40 acres mentioned in the bill, were intended to be conveyed, and if not fully embraced in the deed, that he is willing to convey.
The whole matter stands upon bill and answer, and if the deed were in reality defective as to the consideration expressed, there is nothing by which it could be rectified. It is asserted by the bill, and admitted by the answer, that the contract to buy the land took place between the complainant and Harris, and that Austin had nothing to do with that contract. If the complainant agreed to receive a deed from Austin, in fulfilment of his contract made with Harris, he certainly cannot claim the right to place Austin in the same situation with Harris, unless there was a contract to that effect, and Austin denies any such contract, and indeed, none such is averred in the bill. All that Austin is bound'for, therefore, must be contained in the deed.
The deed contains sufficient warranty for the land, and the only remaining inquiry is, whether the deed does in fact convey all that was intended. The only difficulty seems to be about the 40 acres. The land is described by abbreviations, such as are generally used by the land offices in giving certificates, as being certain parts of a given section, and may be imperfectly described. Of this, however, we have no certain evidence. The quantity conveyed is 200 acres, according to the well known sub-divisions of a section, and this is all that the complainant claims. We cannot know that the land described, is different from that intended to be conveyed, and without such a showing, we could not interfere with the deed. The answer avers that it is the same, or if it" is not, the respondent is willing to correct the mistake.
It appears to be doubtful whether Austin had a good title to the 40 acres, but it may be remarked, that the showing is very unsatisfactory on this subject. He states that he purchased it from the brother of the individual, by whom it had been entered, and it was sold by this individual to his vendor. The claim of title is not set out, and it may be defective.
*890 The chancellor, however, in his decree, directed the .mistake to be corrected, in regard to the description of the land, and thus far has granted the prayer of the bill. He also dissolved the injunction as to all, except 500 dollars, and for that amount, retained it for further consideration. The complainant has appealed from this decree. We find nothing in the cause that would induce us to make a more favorable one. If the respondent can convey the 40 acres, he must do so under the decree, and if he cannot, the complainant has an injunction for 500 dollars, which willfully indemnify him.
The decree .must be affirmed, and cause remanded for further proceedings.